# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **RAYMOND RAHBAR, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **MICHAEL ROSENGART, ET AL.,** ) | |
| ) | |
| Defendants ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1331, 1332, and 1441 *et seq.*, Defendant Michael Rosengart ("Rosengart"), hereby files this Notice of Removal of Civil Action based on diversity of citizenship and federal question jurisdiction in the above-captioned action to this Court and states as follows:

1. Rosengart is a named Defendant in Case CL-2023-13122 filed by Raymond Rahbar, Jr. ("Rahbar") and Carl Heinz Pierre ("Pierre") (collectively, "Plaintiffs") in the Circuit Court for Fairfax County, Virginia ("State Court Action") on September 12, 2023.

2. The Complaint and Summons in the State Court Action were served on Rosengart on September 14, 2023.

3. Defendant Prehab Exercises, LLC has not been served.

4. According to the Complaint, the Complaint was mailed to Defendant Dave Scher ("Scher") and Charlie's House, LLC to an address that is neither the residence of Mr. Scher nor the office of Charlie's House, LLC, as evidenced in public records. Regardless, mailing a Complaint is not service.

5. The Complaint further names as defendants and states that Authentic Yoga Studios, LLC and Hoyer Law Firm, PLLC were served via first class mail.

6. There is no such business as Authentic Yoga Studios, LLC. Rather, Authentic Yoga Studios is a registered tradename of Charlie's House, and as stated in public records, it is not located at the address listed in the Complaint.

7. There is no such business or tradename as Hoyer Law Firm, PLLC.

8. Therefore, no other Defendant has been served in this matter or been given notice of the State Court Action by the Plaintiffs. As such, the other Defendants' consent is not required for this removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action"); *Evans v. TRG Customer Sols., Inc.*, No. 2:14-00663, 2014 U.S. Dist. LEXIS 199262, at *5 n.4 (S.D. W. Va. July 29, 2014) ("Only defendants served at the time of removal must consent to removal.") (citing *Unicom Sys., Inc. v. Nat'l Louis Univ.*, 262 F. Supp. 2d 638, 640 n. 3 (E.D.V.A. 2003).

9. This Notice is being filed with this Court within thirty (30) days after Rosengart received a copy of the Plaintiffs' initial pleading setting forth the claims for relief upon which the Plaintiffs' action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999).

10. This Court is the proper district court for removal because the State Court Action is pending within this district. 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Rosengart in the State Court Action are attached hereto as **Exhibit 1**.

## I. REMOVAL IS APPROPRIATE BASED ON DIVERSITY JURISDICTION

12. Removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because no Plaintiff resides in the same state as a Defendant, and because the Plaintiffs demand millions of dollars in damages such that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### a. CITIZENSHIP OF THE PLAINTIFFS

13. Pro se Plaintiff Rahbar, an unlicensed lawyer, is a citizen of Virginia.

14. Pro se Plaintiff Pierre is also a citizen of Virginia.

### b. CITIZENSHIP OF DEFENDANT MICHAEL ROSENGART

15. Defendant Rosengart lives in Virginia, but he is a citizen of Maryland.

16. Rahbar has previously acknowledged in state and federal court filings signed by him pursuant to Fed. R. Civ. P. 11 and D.C. Super. Ct. Civ. R. 11 that Rosengart is a citizen of Maryland.

17. Specifically, in Rahbar's third improper notice of removal filed on September 9, 2023, in *Rosengart v. BYNDfit, LLC et al.*, No. 2020 CA 001710 B (D.C. Super. Ct.) ("*Rosengart I*"), Rahbar argued that diversity jurisdiction exists because Rosengart is a Maryland citizen: "11. Plaintiff lists his address on their [sic] pleadings as 18819 Island Drive, Hagerstown, MD 21742. Therefore, [Rosengart] is domiciled in and deemed a citizen of Maryland." A copy of Rahbar's Notice of Removal, filed in the District Court for the District of Columbia and in the Superior Court for the District of Columbia, is attached hereto as **Exhibit 2**.

18. Having argued in state and federal court earlier this very month that Rosengart is a citizen of Maryland in support of his third notice of removal in *Rosengart I* based on diversity jurisdiction, Rahbar is judicially estopped from now claiming that Rosengart is a citizen of Viriginia, particularly since Rahbar makes the allegation in furtherance of an abuse of the judicial

3

process via this nuisance action. *See e.g., Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982); *See also Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007) (emphasizing the application of judicial estoppel where a party has "intentionally misled the court to gain unfair advantage" and finding the same to be the determinative factor in the application of judicial estoppel); *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995) (same); *Saul Subsidiary I Ltd. P'ship v. Best Buy Stores, Ltd. P'ship*, No. JKS 08-cv-930, 2009 U.S. Dist. LEXIS 96229, at *10-13 (D. Md. Oct. 14, 2009) (same).

19. "Courts have long held that an individual's citizenship is determined by his domicile, or the state the individual considers his permanent home. An individual may only have one domicile, which is marked by an intention to remain for an unlimited time, making it distinct from a place that could be considered an individual's mere residence." *Gambrell v. Titus Transp. Servs., LLC*, No. 4:23-cv-00006, 2023 U.S. Dist. LEXIS 61682, __ F. Supp. 3d__, at *9 (E.D. Va. Apr. 6, 2023) (cleaned up) (citing and quoting, *inter alia*, *Gambelli v. United States*, 904 F. Supp. 494, 496 (E.D. Va. 1995); *Phillips v. Packard*, No. 3:07-cv-00300, 2007 U.S. Dist. LEXIS 62517, 2007 WL 2471532, at *2 (E.D. Va. Aug. 24, 2007)).

20. Rosengart moved to Virginia temporarily for work. At all times, Rosengart has maintained his Hagerstown, Maryland address as his actual residence, and he has held the intent to return to Maryland and to remain there for an unlimited time. Indeed, Rosengart's two vehicles are registered at his Maryland address, he maintains a Maryland driver's license, he is registered to vote in Maryland, royalties from his books come to his Maryland address, he pays taxes in Maryland, his cell phone bill and DirecTV bill are sent to his Maryland home, and both he and his spouse use their Maryland address for other important and long-term purposes. Accordingly, Rosengart is a citizen of Maryland for purposes of federal diversity jurisdiction.

### c. **CITIZENSHIP OF DEFENDANT DAVID SCHER**

21. Defendant David Scher ("Scher"), has at all times relevant to this litigation, resided in Maryland, where he intends to continue to reside on a permanent basis. Accordingly, Scher is a citizen of Maryland for purposes of federal diversity jurisdiction.

### d. **CITIZENSHIP OF BUSINESS ENTITY DEFENDANTS**

22. Plaintiffs named four businesses as defendants: Prehab Exercises, LLC, Charlie's House, LLC, Authentic Yoga Studios, LLC, and Hoyer Law Firm, PLLC.

23. A limited liability company is not treated the same as a corporation for purposes of diversity jurisdiction. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise.").

24. A corporation can have dual citizenship for purposes of diversity jurisdiction, if it is incorporated in a state that is different from the state in which its principal place of business may be found. *Id*. However, a limited liability company is only assigned the citizenship of its members. *Id*. at 120.

### i. **CITIZENSHIP OF DEFENDANT PREHAB EXERCISES, LLC**

25. Prehab Exercises, LLC is a single member limited liability company formed in Virginia.

26. Prehab Exercises, LLC's single member is Rosengart, a citizen of Maryland.

27. Accordingly, Prehab Exercises, LLC is a citizen of Maryland for purposes of federal diversity jurisdiction.

### ii. CITIZENSHIP OF CHARLIE'S HOUSE, LLC

28. Charlie's House, LLC is a single member limited liability company formed in Maryland.

29. Charlie's House, LLC's single member is Scher, a citizen of Maryland.

30. Accordingly, Charlie's House, LLC is a citizen of Maryland for purposes of federal diversity jurisdiction.

### iii. CITIZENSHIP OF AUTHENTIC YOGA STUDIOS, LLC

31. As acknowledged by the Plaintiffs in ¶ 25 of the Complaint, Authentic Yoga Studios is a tradename for Charlie's House, LLC. There is no limited liability company called Authentic Yoga Studios, LLC registered in Maryland, Virginia, or the District of Columbia according to public records as of September 20, 2023.

32. Despite admitting that Authentic Yoga Studios is a mere tradename and, therefore, not *sui juris*, Plaintiffs inexplicably sued a Defendant called Authentic Yoga Studios, LLC.

33. As noted above, Charlie's House, LLC, is a citizen of Maryland. While one cannot sue a tradename, since Plaintiffs named a tradename as a defendant, the tradename should be afforded the same citizenship as the entity that owns the tradename. Accordingly, Authentic Yoga, which is tradename, and not *sui juris*, should be considered a citizen of Maryland for purposes of diversity jurisdiction.

### iv. CITIZENSHIP OF HOYER LAW FIRM, PLLC

34. Plaintiffs named Hoyer Law Firm, PLLC as a Defendant and claim that it is a Florida professional limited liability company in Tampa, Florida.

35. According to public records, there is no such business or tradename in Florida as of September 28, 2023.

36. Hoyer Law Group, PLLC, however, is a professional limited liability company formed in Florida.

37. Hoyer Law Group, PLLC has three members, Scher, Sean Estes, and Jessica Hoyer Estes.

38. Scher, as noted above, is a citizen of Maryland.

39. The Estes are citizens of Florida.

40. Accordingly, Hoyer Law Group, PLLC is a citizen of Maryland and Florida.

## II. REMOVAL IS ALSO PROPER BASED ON FEDERAL QUESTION JURISDICTION

41. This case is also removable under 28 U.S.C. §1441(a) because this is a civil action in which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. §1331. Specifically, Plaintiffs' principal claim for relief concerns an asset that belongs to a United States Chapter 7 Bankruptcy Estate and therefore must be brought within the bankruptcy or with the permission of the bankruptcy trustee and court.

42. Rahbar filed a fraudulent petition for Chapter 11 bankruptcy for BF Management, LLC, a defendant in *Rosengart I*. *See In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va., June 2023).

43. BF Management then incorrectly argued to Superior Court Judge Juliet McKenna in *Rosengart I* that federal law mandated a stay of the entire case, including the *ex parte* hearing on damages against BYNDfit and Rahbar, who did not file bankruptcy.

44. BF Management is a limited liability company formed under the laws of Virginia.

45. Rahbar and BF Management testified under oath in *Rosengart I* that Rahbar is the sole member of BF Management, which would make BF Management a citizen of Virginia.

46. Federal tax returns for Rahbar, Pierre, and BF Management, however, indicate that BF Management is actually owned by both Rahbar and Pierre, however, this reality still leaves BF Management to be a citizen of only Virginia.

47. While not named as a plaintiff in this action, in ¶ 15 of the Complaint, Rahbar and Pierre describe BF Management as a party to this action, listing BF Management under the heading "Parties," and alleging that BF Management is "a co-owner of the computer systems used by [the byndfit.com] domain name and all digital assets of BYNDfit."

48. In several other paragraphs of the Complaint, including ¶¶ 17, 20, 29, 30, Plaintiffs allege that BF Management employed Rosengart, and that BF Management owned and controlled the digital assets that Rosengart, Scher, and the other named Defendants allegedly stole.

49. Accordingly, BF Management, which owns the assets that Plaintiffs seek to recover, is a necessary party to this action.

50. Rahbar, who serves as the debtor's representative for BF Management, also listed the same causes of action that he now brings in the State Court Action as assets of BF Management's Chapter 11 bankruptcy estate on the company's Schedule A/B at Part 11, No. 74.

| 74. Causes of action against third parties (whether or not a lawsuit has been filed) | |
|---|---|
| Federal Computer Fraud Act, FECP Act, Defend Trade Secrests Act, and Virginia Computer Crimes Act claims againstDavid Scher and Michael Rosengart | $350,000,000.00 |
| Nature of claim | |
| Amount requested | |

Debtor's Schedule, *In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va. June 28, 2023) Doc. 24.

51. On September 12, 2023, the bankruptcy court involuntarily converted BF Management's bankruptcy from Chapter 11 to Chapter 7 because of numerous indicators of bad faith and false or contradictory statements made by Rahbar under oath during the 341 Meeting of Creditors and on the debtor's Petition and Schedule.

52. Examples include Rahbar testifying that BF Management spent millions of dollars to develop intellectual property, while the company's bank records show that little more than $100,000 ever passed through its accounts (Rahbar directed the proceeds of the fraudulently obtained PPP loans to a separate account owned by a different entity that he concealed from the court and U.S. Trustee, and records from that account in turn show that Rahbar then laundered the PPP money through other businesses that he owns with his mother and Ryan Macaulay). *See* U.S. Trustee Mot. to Dismiss or Convert Case to Chapter 7 (July 28, 2023) Doc. 34; Rosengart Statement in Support of the U.S. Trustee's Mot. to Dismiss or Convert Case to Chapter 7 (Sept. 5, 2023) Doc. 38 (elaborating in detail on Rahbar's perjurious testimony and conflicting statements and third-party records); Order of Conversion of Chapter 11 to Chapter 7 (Sept. 13, 2023) Doc. 47.

53. Rahbar testified under oath during two days of creditors' meetings, as BF Management's representative, that BF Management owns the customer lists and software that he and Pierre now claim that they own. Rahbar repeated the same claims during oral arguments on the U.S. Trustee's Motion to Dismiss or Convert Case to Chapter 7.

54. As a result of the conversion to Chapter 7, the court appointed Ms. Janet Meiburger as trustee. Now, all claims, including those brought by Rahbar and Pierre, belong to the Chapter 7 estate and are under the control of Ms. Meiburger.

9

55. Accordingly, BF Management and/or its Chapter 7 bankruptcy estate are necessary parties to this case by Rahbar's own sworn admission, and it is a question exclusively of federal bankruptcy law as to whether Rahbar and Pierre have standing to bring this action, or whether the claims brought by Rahbar and Pierre actually belong entirely and exclusively to the Chapter 7 estate. *See generally,* Title 11 of the United States Code.

56. And further, pursuant to 11 U.S.C. § 327, the Chapter 7 estate must first obtain the approval of the federal bankruptcy court before retaining counsel and pursuing the claims now usurped by Rahbar and Pierre, and the Chapter 7 Trustee has filed no such request with the bankruptcy court.

### III. SERVED PAPERS

57. Pursuant to 28 U.S.C. §1446(a), Defendant attaches to this notice the following papers, which are all of the process, pleadings, and orders served on him prior to removal of this action:

(a) Summons, attached hereto as page 1 of Exhibit 1.

(b) Complaint, attached hereto as pages 2 to 111 of Exhibit 1.

### CONCLUSION

For the reasons stated above, removal is proper both under diversity of citizenship jurisdiction and federal question jurisdiction. Promptly after filing of this Notice of Removal, Rosengart shall provide notice of the removal to the Plaintiffs and shall file a copy of this Notice with the clerk of the court in the State Court Action as required by 28 U.S.C. § 1446(d). A copy of the Notice to Fairfax Couty Circuit Court is attached as Exhibit 3.

Dated: September 28, 2023

Respectfully submitted,

Hoyer Law Group, PLLC

*/s/ David C. Fulleborn*
David C. Fulleborn (VSB No. 83903)
Hoyer Law Group, PLLC
2801 West Busch Blvd. Ste. 200
Tampa, FL 32580
dfulleborn@hoyerlawgroup.com

David L. Scher (VSB No. 47634)[1]
Hoyer Law Group, PLLC
1300 I St. NW, Ste. 400E
Washington, DC 20005
813-375-3700
dave@hoyerlawgroup.com

*Counsel for Michael Rosengart*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I caused a copy of the foregoing to be served via e-mail and first-class mail on *pro se* Plaintiffs Raymond Rahbar, Jr., and Carl Heinz Pierre at the following addresses:

| | |
|---|---|
| Raymond Rahbar, Jr.<br>10110 Nedra Drive<br>Great Falls, VA 22066<br>Raymond.rahbar@gmail.com<br>raymond@byndfit.com | Carl Heinz Pierre<br>205 Yoakum Pwky<br>Unit 424<br>Alexandria, VA 22304<br>carl.pierre.hienz@gmail.com<br>carl@byndfit.com |

*/s/ David C. Fulleborn*
David C. Fulleborn

---

[1] Mr. Scher and Hoyer Law Group, PLLC sign this paper pursuant to Rule 11 as Mr. Rosengart's counsel. Mr. Scher and Hoyer Law Group, PLLC do not waive service or their right to object to jurisdiction or venue, or any other matter.