# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **RAYMOND RAHBAR, ET AL.**, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:23-cv-1327<br>) |
| **MICHAEL ROSENGART, ET AL.**, | ) Judge Michael S. Nachmanoff<br>) |
| Defendants. | ) Magistrate John F. Anderson<br>) |

## DEFENDANT'S MOTION TO STAY RESPONSIVE PLEADING (OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME)

Pursuant to Fed. R. Civ. P. 6(b), Defendant Michael Rosengart ("Rosengart"), hereby moves, for good cause, for a stay of the deadline for all Defendants' deadline to file a responsive pleading to be filed, or in the alternative for a 60-day extension of time, and states as follows:

1. Rosengart is a named Defendant in Case CL-2023-13122 filed by Raymond Rahbar, Jr. ("Rahbar") and Carl Heinz Pierre ("Pierre") (collectively, "Plaintiffs") in the Circuit Court for Fairfax County, Virginia ("State Court Action") on September 12, 2023.

2. The Complaint and Summons in the State Court Action were served on Rosengart on September 14, 2023.

3. Defendant Prehab Exercises, LLC has not been served.

4. According to the Complaint, the Complaint was mailed to Defendant Dave Scher ("Scher") and Charlie's House, LLC to an address that is neither the residence of Scher nor the office of Charlie's House, LLC, as evidenced in public records. Regardless, mailing a Complaint is not service.

1

5. The Complaint further names as defendants and states that Authentic Yoga Studios, LLC and Hoyer Law Firm, PLLC were served via first class mail.

6. There is no such business as Authentic Yoga Studios, LLC. Rather, Authentic Yoga Studios is a registered tradename of Charlie's House, and as stated in public records, it is not located at the address listed in the Complaint.

7. There is no such business or tradename as Hoyer Law Firm, PLLC.

8. Therefore, no other Defendant aside from Rosengart has been served in this matter or received court issued process for the State Court Action.

9. Rosengart filed a Notice of Removal on September 29, 2023, on the basis of diversity jurisdiction and federal question jurisdiction.

10. Rosengart believes that Plaintiffs intend to file a Motion to Remand this case to Virginia State Court.

11. Pursuant to Fed. R. Civ. P. 81(c)(2), Rosengart has until the later of 21 days from the date of service of the Complaint on him or 7 days from the date he filed a Notice of Removal, to file a responsive pleading to the Complaint. As a matter of coincidence, both 21 days from the date of service and 7 days from the date of his filing a notice of removal is October 5, 2023.

12. Plaintiffs' principal claim for relief concerns an asset that belongs to a United States Chapter 7 Bankruptcy Estate and therefore must be brought within the bankruptcy or with the permission of the bankruptcy trustee and court.

13. Rahbar filed a fraudulent petition for Chapter 11 bankruptcy for BF Management, LLC, a defendant in *Rosengart v. BYNDfit, LLC et al.*, No. 2020 CA 001710 B (D.C. Super Ct.) ("*Rosengart I*") in order to forestall a thrice rescheduled ex-parte hearing on damages which would

result in a judgment against him personally. *See In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va., June 2023).

14. BF Management then incorrectly argued to Superior Court Judge Juliet McKenna in *Rosengart I* that federal law mandated a stay of the entire case, including the *ex parte* hearing on damages against BYNDfit and Rahbar, who did not file bankruptcy.

15. While not named as a plaintiff in this action, in ¶ 15 of the Complaint, Rahbar and Pierre describe BF Management as a party to this action, listing BF Management under the heading "Parties," and alleging that BF Management is "a co-owner of the computer systems used by [the byndfit.com] domain name and all digital assets of BYNDfit."

16. In several other paragraphs of the Complaint, including ¶¶ 17, 20, 29, 30, Plaintiffs allege that BF Management employed Rosengart, and that BF Management owned and controlled the digital assets that Rosengart, Scher, and the other named Defendants allegedly stole.

17. Accordingly, BF Management, which owns the assets that Plaintiffs seek to recover, is a necessary party to this action.

18. Rahbar, who serves as the debtor's representative for BF Management, also listed the same causes of action that he now brings in the State Court Action as assets of BF Management's Chapter 11 bankruptcy estate on the company's Schedule A/B at Part 11, No. 74.

> 74. Causes of action against third parties (whether or not a lawsuit has been filed)
>
> Federal Computer Fraid Act, FECP Act, Defend Trade Secrests Act, and Virginia Computer Crimes Act claims againstDavid Scher and Michael Rosengart        $350,000,000.00
>
> Nature of claim
> Amount requested

Debtor's Schedule, *In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va. June 28, 2023) Doc. 24.

19. On September 12, 2023, the bankruptcy court involuntarily converted BF Management's bankruptcy from Chapter 11 to Chapter 7 because of numerous indicators of bad faith and false or contradictory statements made by Rahbar under oath during the 341 Meeting of Creditors and on the debtor's Petition and Schedule.

20. Examples include Rahbar testifying that BF Management spent millions of dollars to develop intellectual property, while the company's bank records show that little more than $100,000 ever passed through its accounts (Rahbar directed the proceeds of the fraudulently obtained PPP loans to a separate account owned by a different entity that he concealed from the court and U.S. Trustee, and records from that account in turn show that Rahbar then laundered the PPP money through other businesses that he owns with his mother and Ryan Macaulay further concealing assets of the bankruptcy estate). *See* U.S. Trustee Mot. to Dismiss or Convert Case to Chapter 7 (July 28, 2023) Doc. 34; Rosengart Statement in Support of the U.S. Trustee's Mot. to Dismiss or Convert Case to Chapter 7 (Sept. 5, 2023) Doc. 38 (elaborating in detail on Rahbar's perjurious testimony and conflicting statements and third-party records); Order of Conversion of Chapter 11 to Chapter 7 (Sept. 13, 2023) Doc. 47.

21. Rahbar testified under oath during two days of creditors' meetings under Chapter 11, as BF Management's representative, that BF Management owns the customer lists and software that he and Pierre now claim that they own. Rahbar repeated the same claims during oral arguments on the U.S. Trustee's Motion to Dismiss or Convert Case to Chapter 7.

22. Accordingly, BF Management and/or its Chapter 7 bankruptcy estate are necessary parties to this case by Rahbar's own sworn admission, and it is a question exclusively of federal bankruptcy law as to whether Rahbar and Pierre have standing to bring this action, or whether the

4

claims brought by Rahbar and Pierre actually belong entirely and exclusively to the Chapter 7 estate. *See generally,* Title 11 of the United States Code.

23. And further, pursuant to 11 U.S.C. § 327, the Chapter 7 estate must first obtain the approval of the federal bankruptcy court before retaining counsel and pursuing the claims now improperly usurped by Rahbar and Pierre, and the Chapter 7 Trustee has filed no such request with the bankruptcy court.

24. As a result of the conversion to Chapter 7, the court appointed Ms. Janet Meiburger as trustee and set a new Chapter 7 Section 341 meeting of creditors for October 19, 2023. However, Trustee Meiburger resigned on October 2, 2023, from this appointment leaving the position vacant.

25. And on September 28, 2023, just prior to Trustee Meiburger's resignation, the bankruptcy court disqualified BF Management's counsel, John P. Forest, II,

26. As of the date of this filing, no Trustee has been appointed to replace Ms. Meiburger, and therefore no Trustee has sought approval to hire new counsel for BF Management.

27. Therefore, Rosengart respectfully requests that this Court stay the deadline to file any responsive pleading for the following reasons:

   a. First, only Rosengart has been served. It would be judicially inefficient to proceed with only part of the case. Further, Rosengart would be severely prejudiced by having to litigate alone and without the benefit of his co-defendants' coordinated legal strategy.

   b. Second, Rosengart believes that Plaintiffs will move to remand this case, having filed the case originally in State Court. While Rosengart will vigorously oppose a motion to remand, it would lack logical and rational sense for Rosengart to be forced to file a federal court responsive pleading, only to potentially have to re-file

in State Court in conformance with the State Court's rules if Plaintiffs are successful.

c. Third, Rosengart intends to argue pursuant to Fed. R. Civ. P. 19 that BF Management either must be interplead or that the action cannot be maintained due to the failure to join an indispensable party. The determination of this motion may be dispositive of the case. Before impleading BF Management, Rosengart must confer with the new trustee for BF Management, LLC, who is not yet appointed.

d. Rosengart's motion under Fed. R. Civ. P. 19 will be presented as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(7), which must be filed prior to submitting a responsive pleading. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed").

e. To properly present his arguments under Fed. R. Civ. P. 12(b)(7) and 19, Rosengart must first obtain copies of the transcripts from the prior bankruptcy court proceedings.

f. Rosengart must also participate in the Section 341 creditors meeting (a preliminary meeting during which the debtor must answer questions under oath relating to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge), and likely conduct a Fed. R. Bankr. P. 2004 examination (a 2004 examination permits a longer under oath examination of the debtor's acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate,

or to the debtor's right to a discharge). Rosengart must then obtain transcripts from these proceedings.

g. At present, the bankruptcy court has scheduled the Section 341 meeting under the new involuntary Chapter 7 bankruptcy for October 19, 2023, but that meeting will certainly be postponed due to Trustee Meiburger's resignation and the disqualification of BF Management's counsel. During the Section 341 meeting and Rule 2004 examination, Rosengart anticipates that he will obtain additional sworn testimony and documents which prove that the claims brought herein fully belong to the bankruptcy estate and that therefore BF Management is an indispensable party.

28. As detailed above, there is good cause under Fed. R. Civ. P. 6(b) to grant Rosengart's Motion.

29. Rosengart attempted to meet and confer with Plaintiffs regarding this Motion. Rahbar emailed that he opposes the Motion. Pierre did not respond.

## **CONCLUSION**

For the reasons stated above, Defendant Rosengart respectfully asks that this Court stay the deadline for his and any other Defendants' responsive pleading to be filed until 21 days after all of the following has occurred: 1) all Defendants have been served; 2) a trustee has been appointed in the BF Management, LLC bankruptcy; 3) the completion of a 341 meeting of the creditors in the involuntary Chapter 7 bankruptcy proceeding; 4) the completion of a Fed. R. Bankr. P. 2004 examination; and 5) the Court has ruled on the Plaintiffs' to-be-filed motion to remand. In the alternative, Defendant requests a 60-day extension followed by a status hearing regarding the status of the above.

Dated: October 3, 2023

Respectfully submitted,

Hoyer Law Group, PLLC

*/s/ David C. Fulleborn*
David C. Fulleborn (VSB No. 83903)
Hoyer Law Group, PLLC
2801 West Busch Blvd. Ste. 200
Tampa, FL 32580
dfulleborn@hoyerlawgroup.com

David L. Scher (VSB No. 47634)[1]
Hoyer Law Group, PLLC
1300 I St. NW, Ste. 400E
Washington, DC 20005
813-375-3700
dave@hoyerlawgroup.com

*Counsel for Michael Rosengart*

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2023, I caused a copy of the foregoing to be served via e-mail and first-class mail on *pro se* Plaintiffs Raymond Rahbar, Jr., and Carl Heinz Pierre at the following addresses:

| | |
|---|---|
| Raymond Rahbar, Jr.<br>10110 Nedra Drive<br>Great Falls, VA 22066<br>Raymond.rahbar@gmail.com<br>raymond@byndfit.com | Carl Heinz Pierre<br>205 Yoakum Pwky<br>Unit 424<br>Alexandria, VA 22304<br>carl.pierre.hienz@gmail.com<br>carl@byndfit.com |

*/s/ David C. Fulleborn*

---

[1] Mr. Scher and Hoyer Law Group, PLLC sign this paper pursuant to Rule 11 as Mr. Rosengart's counsel. Mr. Scher and Hoyer Law Group, PLLC do not waive service or their right to object to jurisdiction or venue, or any other matter.