IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RAYMOND RAHBAR, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-1327 |
| ) | |
| **MICHAEL ROSENGART, ET AL.,** ) | Judge Michael S. Nachmanoff |
| ) | |
| Defendants ) | Magistrate John F. Anderson |

**DEFENDANT MICHAEL ROSENGART'S OPPOSED MOTION
FOR REFERENCE TO BANKRUPTCY COURT**

Pursuant to 28 U.S.C. § 157(a) and 28 U.S.C. § 1334(e)(1), as well as the Standing Orders of Reference of July 13, 1984, and August 15, 1984, Defendant Rosengart hereby moves this Court to refer the above-captioned case to the United States Bankruptcy Court for the Eastern District of Virginia as an adversary proceeding. In support thereof, Rosengart states as follows:

1. 28 U.S.C. § 157(a) states that the district courts may provide that "any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

2. This Court's July 13, 1984, Standing Order states that all cases "arising in or related to a case under Title 11 of the United States Code filed in this division on or after July 10, 1984 except proceedings involving personal injury tort or wrongful death claims" shall be referred to the Court's bankruptcy judges. The Court's August 15, 1984, Standing Order likewise provides that in order to implement Order No. 20 of the Judicial Council of the Fourth Circuit Court of Appeals entered on August 15, 1984, it is ordered that cases "related to cases under title 11 of the United States Code" shall be referred to the District's bankruptcy judges.

1

3. And finally, 28 U.S.C. § 1334(e) states that "district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction – (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

4. This case is both related to a case under title 11 and it is a dispute over property of a Chapter 7 Debtor's estate.

5. As described in Rosengart's Notice of Removal, Motion to Dismiss, and in the Complaint itself, the alleged assets, rights, and liabilities at issue belong to BF Management, LLC ("BF Management"). *See e.g.,* Compl. ¶¶ 15 (identifying BF Management as an unlisted party); 17 (describing Rosengart as a contractor of BF Management with access to BF Management's computer systems); 20 (alleging that Rosengart stole, diverted, and misappropriated revenue and materials from BF Management); 29 (alleging as a key fact that Rosengart signed two contracts with BF Management); 30 (alleging that BF Management fired Rosengart for embezzlement and other wrongdoing on January 3, 2020).

6. BF Management filed a Voluntary Petition for Chapter 11 bankruptcy on June 1, 2023. *In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va.).

7. Under penalty of perjury, BF Management and its representative, Raymond Rahbar, Jr. ("Rahbar") were obligated to list all of BF Management's claims or potential claims against the Defendants because those claims, according to the Complaint itself, arose from events preceding the date of the filing of the Voluntary Chapter 11 Petition.

8. In Part 11 of the Debtor's Schedule A/B at No. 74, Rahbar listed for the Debtor the following asset:

> 74. Causes of action against third parties (whether or not a lawsuit has been filed)
>
> Federal Computer Fraud Act, FECP Act, Defend Trade Secrests Act, and Virginia Computer Crimes Act claims againstDavid Scher and Michael Rosengart         $350,000,000.00

Debtor's Schedule, *In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va. June 28, 2023) Doc. 24.

    9.    In Part 10 of the Debtor's Schedule A/B at No. 63, Rahbar listed for the Debtor the following asset:

> 63. Customer lists, mailing lists, or other compilations
>     $17,000,000.00  Book Value  $17,000,000.00

Debtor's Schedule, *In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va. June 28, 2023) Doc. 24.

    10.    During a 341 Creditors Meeting on July 5, 2023, Rahbar testified under oath about the purported $17 million worth of "Customer lists, mailing lists, or other compilations" that, to the extent that they ever existed, belong to and were in the exclusive possession of Debtor BF Management. Rahbar also testified about the Debtor's alleged claims against the Defendants. Rahbar's testimony on behalf of BF Management made clear that the claims he and his co-Plaintiff Carl Heinz Pierre now bring actually belong to BF Management. Below is an excerpt from July 5, 2023.

    11.    "MR. SCHER: Mr. Rahbar, you listed an asset worth seventeen million dollars that is a customer list; is that correct? MR. RAHBAR: Asset of ours. Just because you stole it doesn't make it not our asset." Tr. 341 Mtg. at 50:10-14 (July 5, 2023). An excerpt of the transcript is attached hereto as **Exhibit 1**.

    12.    "MR. SCHER: Okay. So why do you have a counterclaim for 350 million for stealing that same material? MR. RAHBAR: So under -- what is it – a VSP (ph.), I think it is, the

act, that provides for lost profit and lost revenue." Tr. 341 Mtg. at 79:20-24 (July 5, 2023) (discussing BF Management's supposed IP that was allegedly stolen, including the purported $17 million email list).

13. During a second 341 Creditors Meeting on August 3, 2023, Rahbar, again testifying on behalf of BF Management, discussed BF Management's ownership, use, and exclusive possession of the purported $17 million customer list allegedly stolen by the Defendants and over which the Plaintiffs now sue. The lengthy testimony, which is in the form of Michael Freeman of the U.S. Trustee's Office questioning Rahbar, is found at page 8, line 17 to page 17, line 21 of the transcript attached hereto as **Exhibit 2**.

14. Additionally, during a hearing in front of Judge Kenney on the United States Trustee's Office's Motion to Dismiss or Convert BF Management's bankruptcy to an involuntary Chapter 7 proceeding due to bad faith, Rahbar discussed BF Management's plan of reorganization and its apparent need for the return of BF Management's purported assets (those same assets over which Rahbar and Pierre now sue) allegedly stolen by the Defendants:

> [JACK FRANKEL]: What is the debtor's plan of reorganization? What is the -- how do you expect to reorganize? When I say "you", the debtor.
>
> [RAHBAR]: Sure, I understand. So if -- and I apologize to the Court. I need to take a little bit of a step back. All of our files were deleted and destroyed at one point, and we suspected we knew it was Michael Rosengart, but we didn't -- we didn't have any proof. We have since learned that not only did Michael do it…

Tr. Hrg. at 25:3-11, *In re BF Management, LLC*, No. 23-10919-BFK (Bankr. E.D. Va. Sept. 12, 2023). **Exhibit 3**.

15. Judge Kenney asked his own follow-up questions of Rahbar, and Rahbar again indicated that the assets that he listed in BF Management's schedule are the same assets in dispute

in this case. *Id.* at 25:25-27:9 (discussing the purported customer lists and other supposed digital assets that were allegedly stolen).

16. As a result of the above hearing, on September 13, 2023, Judge Kenney converted BF Management's voluntary Chapter 11 petition to an involuntary Chapter 7 proceeding due to bad faith.

17. Repeatedly and at virtually every opportunity, to include in the Debtor's Schedule signed by Rahbar under penalty of perjury, and on multiple occasions while under oath, Rahbar has cited the same assets and claims that he and Pierre now bring as the core assets of BF Management's bankruptcy estate.

18. Accordingly, pursuant to 28 U.S.C. § 157(a) and 28 U.S.C. § 1334(e)(1) and this Court's Standing Orders of Reference, this lawsuit which seeks recompense for the alleged taking of property in the exclusive possession of a Chapter 7 Debtor and which constitute the Debtor's largest purported asset, should be referred to the Bankruptcy Court where it can be properly administered as part of the Debtor's Chapter 7 estate.

END.

Dated: November 29, 2023          Respectfully submitted,

Hoyer Law Group, PLLC

*/s/ David C. Fulleborn*
David C. Fulleborn (VSB No. 83903)
Hoyer Law Group, PLLC
2801 West Busch Blvd. Ste. 200
Tampa, FL 32580
dfulleborn@hoyerlawgroup.com
813-375-3700

David L. Scher (VSB No. 47634)[1]
Hoyer Law Group, PLLC
1300 I St. NW, Ste. 400E
Washington, DC 20005
813-375-3700
dave@hoyerlawgroup.com

*Counsel for Michael Rosengart*

### CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, I caused a copy of the foregoing to be served via ECF on all parties who have registered and first-class mail on *pro se* Carl Heinz Pierre at the following address:

Carl Heinz Pierre
205 Yoakum Pwky
Unit 424
Alexandria, VA 22304

*/s/ David C. Fulleborn*

---

[1] Mr. Scher and Hoyer Law Group, PLLC sign this paper pursuant to Rule 11 as Mr. Rosengart's counsel. Mr. Scher and Hoyer Law Group, PLLC do not waive service or their right to object to jurisdiction or venue, or any other matter.