IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| **RAYMOND RAHBAR, ET AL.,** | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:23-cv-1327 |
| **MICHAEL ROSENGART, ET AL.,** | ) Judge Michael S. Nachmanoff |
| Defendants | ) Magistrate John F. Anderson |

**DEFENDANT MICHAEL ROSENGART'S RESPONSE IN
OPPOSITION TO THE PLAINTIFFS' MOTION FOR AN EXTENSION**

Defendant Michael Rosengart ("Rosengart"), by counsel, opposes the Plaintiffs' November 27, 2023, Motion for Leave for Time to File Response to Motion to Dismiss Filed by Defendant Michael Rosengart (Doc. 16) ("Motion for Extension"), served on Rosengart on November 29, 2023.

The Plaintiffs' Motion for Extension cites as its authority irrelevant portions of the Federal Rules of Civil Procedure, and it fails to argue the existence of the prerequisite good cause reuired to grant an extension of time. Further, the factual premise of the Motion for Extension consists of material misrepresentations to the Court that contradict the Court's own records, demonstrating the bad faith with which the Plaintiffs make their Motion. The Motion for Extension additionally argues that the Plaintiffs need more time because they "recently obtained" a copy of the Motion to Dismiss, but Plaintiffs do not say when they in fact obtained a copy of the Motion to Dismiss (Doc. 12).

The Motion for Extension also asks this Court for relief that it cannot grant – for a fifteen-day extension to respond to a Motion for Remand due originally on October 24, 2023 in the United

1

States District Court for the District of Columbia. *See* Pl.'s Motion for Remand and Fees for Improper Removal, *Rosengart v. BYNDfit, et al*, No. 1:23-cv-2635 (D.D.C. Oct. 10, 2023) (improperly removed by Rahbar for the third time from D.C. Superior Court, Case No. 2020 CA 001710 B).

Moreover, the Motion for Extension includes a false statement that Rahbar attempted to confer with his opposing parties, when he made no effort to do so whatsoever.

Accordingly, the Plaintiffs do not demonstrate good cause, and their Motion for Extension is due to be denied. Further, this is the latest in a long, long list of missed deadlines by the same individuals in a variety of courts, demonstrating more than casual negligence, but rather a systematic callous disregard for the judiciary by a vengeful unlicensed lawyer.

### I. BACKGROUND

#### a. The Plaintiffs Received Notice of the Motion to Dismiss on November 6, 2023.

Rosengart removed this action from the Circuit Court for Fairfax County to this Court on September 28, 2023 (Doc. 1). On October 20, 2023, Plaintiff Raymond Rahbar, Jr. ("Rahbar") filed a Motion for *Pro Se* E-Noticing (Doc. 4). In that Motion, signed pursuant to Fed. R. Civ. P. 11, Rahbar indicated that he among other things: "Consents to receiving notice of filings pursuant to Fed. R. Civ. P. 5(b) via the Court's electronic filing system." And, that he "Waives service and notice by first class mail of all electronically filed documents to include orders and judgments." Rahbar's Motion further identifies his email address as RAYMOND.RAHBAR@GMAIL.COM. Rahbar is his co-Plaintiff's business partner and has served as the unlicensed lawyer for his partners and businesses for years, repeatedly making legal arguments for them both in correspondence with opposing parties and before multiple courts.

2

On October 26, 2023, Magistrate Judge John F. Anderson granted Rahbar's Motion for Pro Se E-Noticing (Doc. 9). From this date forward, Rahbar has received service of all filings in this via ECF, just like any other (licensed) lawyer.

On November 6, 2023, Rosengart filed his Motion to Dismiss (Doc. 12). Pursuant to the E.D. Va. Loc. R. 7(F)(1), the Plaintiffs had fourteen days, or until Monday, November 20, 2023, to oppose the Motion to Dismiss. However, by operation of the *Roseboro* notice mandated by E.D. Va. Loc. R. 7(k), the Plaintiffs' deadline was automatically extended to twenty-one days, or until Monday, November 27, 2023. In short, the Plaintiffs have already received a one-week extension, and now they ask for a second extension premised on a misrepresentation to the Court.

On November 6, 2023, at 11:35 AM EST, the Court's ECF system provided the following Notice of Electronic Filing ("NEF") for Rosengart's Motion to Dismiss, confirming that Rahbar was indeed electronically served at the email address that he requested on November 6, 2023.

**Notice of Electronic Filing**

The following transaction was entered by Fulleborn, David on 11/6/2023 at 11:33 AM EST and filed on 11/6/2023
Case Name:        Rahbar et al v. Rosengart et al
Case Number:     1:23-cv-01327-MSN-JFA
Filer:                   Michael Rosengart
Document Number: 12

Docket Text:
**MOTION to Dismiss for Failure to State a Claim *and Other Reasons* with Roseboro,. by Michael Rosengart. (Attachments: # (1) Exhibit, # (2) Exhibit, # (3) Exhibit, # (4) Exhibit, # (5) Exhibit, # (6) Exhibit, # (7) Exhibit, # (8) Exhibit, # (9) Proposed Order)(Fulleborn, David)**

1:23-cv-01327-MSN-JFA Notice has been electronically mailed to:

David C Fulleborn      dfulleborn@hoyerlawgroup.com, filings@hoyerlawgroup.com

Raymond Rahbar      raymond.rahbar@gmail.com

3

On November 27, 2023, Rahbar filed the Plaintiffs' Motion for Extension (Doc. 16), which was served on Rosengart on November 29, 2023. In the Motion for Extension, Rahbar claims that he was not served with the Motion to Dismiss and that "Defendants [sic] have recently obtained their own copy of the filing and have begun responding, however the due date is November 27, 2023." Rahbar does not tell the Court when he actually received a copy of the Motion to Dismiss. Rahbar also alleges that Rosengart's counsel refused to confer with him or to consent to his Motion for Extension.

Rahbar was served via ECF on November 6, 2023, the day that the Motion to Dismiss was filed, and he made no attempt whatsoever to contact counsel for Rosengart or any other Defendant regarding this motion. Meanwhile, Rosengart's counsel conferred with Rahbar and Pierre regarding Rosengart's Motion for Remote Appearance (Doc. 15) and Motion for Reference (Doc. 18). The allegations made by Rahbar simply do not align with the record and only reflect Rahbar's goal of multiplying all legal proceedings until his opposing parties simply quit.

### b. The Plaintiffs' Extensive History of Missed Deadlines and Failure to Follow Court Orders, Rules, and Procedures.

Rahbar, Carl Heinz Pierre ("Pierre"), their partners, and their various businesses, have been litigating against Rosengart since early 2020, when Rosengart sued his former employers for among other things, stealing his wages and firing him in retaliation for complaining about wage theft. In fact, this frivolous lawsuit is an extension of the campaign of retaliation carried out by Rahbar and his business partners. During much of that same period, Rahbar, et al. have also been litigating against their former landlord, who has sued them for approximately $6 million in back rent, their construction company, architect, and others. Over the past nearly four years, Rahbar, his partners, and his businesses have missed countless deadlines to, among other things, file responsive pleadings, serve discovery, file and oppose motions, file mediation briefs, and to file

4

appellate briefs in the D.C. Court of Appeals. Their track record in the four fraudulent/bad faith bankruptcies filed in the United States Bankruptcy Court for the Eastern District of Virginia and in the two abandoned appeals filed in this Court by BF Chinatown, LLC is no better.

One could even argue that Rahbar, in a deliberate attempt to delay and multiply proceedings and drive up the costs for all opposing parties in the numerous lawsuits against him, his partners, and his businesses, exploits every court's kindness towards *pro se* litigants by intentionally missing deadlines and disobeying orders.

The Plaintiffs' problems do not stop with timeliness but continue to their false assertions of attempts to confer with opposing parties and to their failure to serve opposing parties, as described in the Motion to Dismiss and oppositions to Rahbar's requests for defaults. The Plaintiffs' practices are quite efficient at triggering needless motions practice and ancillary litigation in furtherance of Rahbar's goals of delay and multiplying the proceedings. In *Rosengart v. BYNDfit, LLC, et al.*, No. 2020 CA 001710 B (D.C. Super. Ct.) ("*Rosengart I*"), the court at least twice denied motions by Rahbar for missing deadlines and his repeated disregard for specific instructions from the court to meet and confer prior to filing motions for spoliations (these are the motions in which Rahbar made generally the same allegations that he raises in the Complaint regarding the alleged trespass to Google and destruction of files). *See e.g.,* Pl.'s Response in Oppn. to Individual Defendant Raymond Rahbar, Jr.'s Renewed Mot. for Spoliation (Jan. 10, 2022); Order (Jan. 26, 2022) (Denying Mot.). The court also entered a default against the BYNDfit partnership for its failure to timely file an answer.

Attached as **Exhibit 1** to this filing is a partial list of judicial deadlines recently missed by Rahbar, his partners, and his businesses which were previously represented by Steven R. Freeman, Esq. Mr. Freeman resigned not long after Rosengart gave him records suggesting that Rahbar paid

5

for his legal services with ill-gotten Paycheck Protection Program loans. In other matters, while Mr. Freeman represented Rahbar's businesses, Rahbar himself proceeded *pro se* in order to engage in acts that would have jeopardized Mr. Freeman's law license.

The attached excerpt is taken from Rosengart's Motion to Strike an untimely Motion to Dismiss filed by Pierre, Ryan Macaulay, and Andrea Macaulay in *Rosengart v. Pierre, et al*, No. 2023 CAB 000056 (D.C. Super Ct. March 3, 2023). <u>The excerpt also quotes a warning issued to Rahbar and his co-defendants by the D.C. Superior Court in *Rosengart I*, cautioning him that his continued disregard of Court-ordered deadlines and his failure to appear will result in monetary sanctions</u>.

Rahbar's problems with respect for court rules and orders extend beyond the litigation related to the failed BYNDfit businesses. Indeed, after falsely accusing a neighbor of spying on him during a property boundary dispute, resulting in baseless criminal charges, Rahbar disobeyed a subpoena to produce video evidence that would have exonerated his neighbor. *See Commonwealth of Virginia v. Javid Sonde*, No. GC20081405-00 (Va. Gen. Dist. Ct. FFX. Co. Sept. 24, 2020) (apparently now expunged, a copy is on file with Rosengart's counsel). <u>Judge Michael H. Cantrell then charged Rahbar with criminal contempt</u>. *See Commonwealth of Virginia v. Rahbar*, No. GC20093984-00 (Va. Gen. Dist. Ct. FFX. Co. Nov. 9, 2020).

All this goes to say that Rahbar, though a *pro se* party, is a serial abuser of the judicial system, who due to his habitual contempt for the rule of law and his two law degrees, should be granted no quarter when it comes to compliance with this Court's deadlines and rules.

Indeed, to the extent that Rahbar has any argument that he faces compounding and conflicting deadlines, it is a situation of his own making. Rahbar and his partners filed six improper removals to federal court in *Rosengart I* and *II*, wherein they filed repeated frivolous motions, all

to cause delay and multiply the proceedings, while knowing that they are immune from 28 U.S.C. § 1927. They further filed a fraudulent bankruptcy for *Rosengart I* defendant BF Management, and they filed two fraudulent bankruptcies for BF Chinatown. And Rahbar and Pierre have now filed two frivolous lawsuits against Rosengart, this and a companion suit for breach of contract.

Worse yet, in an email on November 13, 2023, Rahbar stated that he intends to file five more separate lawsuits against Rosengart in different courts around the country.

> From: Raymond Rahbar <raymond.rahbar@gmail.com>
> Date: Monday, November 13, 2023 at 5:34 PM
> To: Dave Scher <dave@hoyerlawgroup.com>
> Cc: Carl Heinz Pierre <Carl.pierre.heinz@gmail.com>, Ryan <ryanmacaulay@gmail.com>
> Subject: Re: Rahbar et al. v. Rosengart - new case
>
> File what you must. But I am not consenting to your ludicrous position.
>
> Additionally, I will be filing a motion to remand and a motion for sanctions if you do. This is a breach of contract case. There is no legitimate federal question.
>
> As for your motion to dismiss, go ahead. It is plain on its face that it is frivolous in all manners. But it will strength my argument you've been served in the first EDVA case. So I hope you file it as receiving a default judgement against you will be more straight forward.
>
> Please also inform Michael that I plan on filing the 3rd of 7 distinct lawsuits on Friday. This will be for his intentional interference of a contract (5 separate counts). Obviously, others will be filing in other courts around the country as they sit fit.
>
> Raymond

And in an email on November 28, 2023, Rahbar wrote that he intends to depose 46 people multiple times in each of these frivolous cases.

7



Raymond Rahbar <raymond.rahbar@gmail.com>

Tue 11/28/2023 1:22 PM
To: David Fulleborn
Cc: carl.pierre.heinz@gmail.com

It's not really a consolidation issue at this stage. As of now, the bankruptcy trustee has not filed any case on behalf of the creditors (though, as you're aware, he refused to acknowledge is removal which will be taken care of this week). So there is nothing to consolidate into. But even if it were a potential consolidation issue, its not the same property or the same rights nor the same damages rights. Whether my shares were converted has nothing to do with BF Management.

Besides, the judge saw right through your subject matter issue and is going to remand the case prior to this even being heard.

Though, I would be open to a consolidation of ALL cases involving Rosengart into just one action in EDVA as I'm sure all other parties would be open to that as well. Otherwise, I do have 46 people I plan on deposing. If it its one unified case, I can do each deposition at the same time. Otherwise, I'll have to do multiple depositions of each individual as each case has different issues. Either way, please start opening your schedule as most of 1st and 2nd quarter will have a deposition virtually every day - and in person.

All of this is unlawful retaliation against Rosengart and his counsel for daring to sue Rahbar for stealing wages and for revealing to various federal authorities that Rahbar and his partners stole PPP funds and committed bankruptcy fraud.

## II.   LEGAL STANDARD

In the event that a party cannot meet a deadline, Fed. R. Civ. P. 6(b)(1)(A) permits the court to extend a deadline for *good cause* if a request for an extension is made before the original deadline expires. According to LR 7(I), "Any requests for an extension of time relating to motions must be in writing and, in general, will be looked upon with disfavor."

While "good cause" is not precisely defined, courts have often looked at four factors to determine whether a movant has demonstrated good cause for an extension of time: "the 'danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial

8

proceedings, the reason for the delay, and whether the movant acted in good faith.'" *Midgett v. Hardcastle*, No. 2:17-cv-663, 2018 U.S. Dist. LEXIS 241248, at *31 (E.D. Va. July 19, 2018) (quoting *Guerrero v. Deane*, No. 1:09-cv-1313, 2012 U.S. Dist. LEXIS 105343, 2012 WL 3068767, at *2 (E.D. Va. Jul. 27, 2012). In *Midgett*, the movant sought modification of a Rule 16(b) Scheduling Order. The court quoted the Fourth Circuit, noting that "[t]he standard 'emphasizes the diligence of the party seeking amendment,' which is the most important consideration." *Id*. (quoting *RTF Management Co., LLC v. Powell*, 607 Fed. Appx. 238, 242 (4th Cir. 2015). The *Midgett* court also observed the requirement for a movant "show that the deadlines cannot reasonably be met despite the party's diligence." *Id*. quoting *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (internal quotation marks omitted).

Similarly, in evaluating motions to enlarge Fed. R. Civ. P. 4(m)'s deadline for service, Courts look to the efforts to affect service and the reasons why service has not been completed. *See e.g., Collins v. Thornton*, 782 F. App'x 264, 266-67 (4th Cir. 2019). Courts have described "good cause" as "a flexible concept that 'requires courts to consider all relevant facts and circumstances.'" *Blaylock v. The Hartford*, No. 1:21-cv-127, 2021 U.S. Dist. LEXIS 212606, at *2 (S.D. W. Va. Nov. 3, 2021) (quoting *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). And "<u>inherent in the concept of good cause is 'some showing of diligence.</u>'" *Blaylock* at *2-3 (quoting *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)) (emphasis added).

And further implied in good cause is the notion that the movant must act in good faith. A party who seeks an extension of time based on dishonesty demonstrates bad faith, and bad faith is a proper ground upon which to deny an extension and even strike a filing. *Staley v. Gruenberg*, No. 1:12-cv-530 (GBL/JFA), 2013 U.S. Dist. LEXIS 201170, at *18 (E.D. Va. May 10, 2013).

Thus, where, as here, a party seeks an extension based on false statements to the Court, that request should be denied.

Lastly, in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), which is perhaps the seminal case on extensions of time, the Supreme Court observed that when determining whether it is appropriate to grant an extension, a court must "deter" "parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve." *Id*. at 395 (emphasis added). Yet, that is exactly what Rahbar, his partners, and his businesses have been doing for years, as shown in **Exhibit 1**.

### III.    ARGUMENT

The Motion for an Extension is made in bad faith and based on the false narrative that Rahbar, the Plaintiffs' unlicensed lawyer, never received a copy of the Motion to Dismiss. Instead, Rahbar claims that he only just "recently obtained" a copy of the Motion to Dismiss on an unspecified date. Rahbar does not tell the Court when that "recently" was – it could have been on November 6, it could have been on November 26. The Motion for Extension also does not explain what diligent efforts, if any, the movant made to comply with the original deadline or why there should be a delay. Nor does the Motion for Extension make clear why the additional week already provided by operation of the *Roseboro* notice mandated by E.D. Va. Loc. R. 7(k) is insufficient.

Absent the movant's specification of when he received the Motion to Dismiss, the Court should look to the only record before it -- the Court's docket, orders, and the NEF, which show that: 1) Rahbar requested to be served via CM/ECF; 2) Rahbar waived the right to service via USPS; 3) Rahbar consented to electronic service; 4) the Court granted Rahbar's request for electronic service; and 5) Rahbar was timely served with the Motion to Dismiss. Looking at the

10

only version of the events with any level of supporting evidence, it becomes apparent that the movant has not demonstrated any cause, let alone good cause.

Moreover, looking at the movant's misrepresentation to the Court, the extensive history of missed deadlines and wholesale disregard for juridical rules, and the stated intent to vexatiously multiply proceedings in order to increase costs and create conflicting deadlines for opposing parties, it becomes clear that the movant comes to this court in bad faith and with unclean hands, which alone are sufficient cause to deny any extension. *See Staley v. Gruenberg*, No. 1:12-cv-530 (GBL/JFA), 2013 U.S. Dist. LEXIS 201170, at *18 (E.D. Va. May 10, 2013).

Further, to the extent that the movant wants this Court to also grant an extension for missed deadlines in a separate federal court, this Court is without the authority to do so.

Accordingly, the movant's Motion for Extension is due to be denied in total and with prejudice, lest he be encouraged to continue to exploit the judicial system's general permissive reprieve for pro se parties.

## IV. CONCLUSION

For the reasons stated above, Rosengart asks that the Court deny the Motion for Extension with prejudice.

Dated: November 30, 2023                          Respectfully submitted,

                                                  Hoyer Law Group, PLLC

                                                  */s/ David C. Fulleborn*
                                                  David C. Fulleborn (VSB No. 83903)
                                                  Hoyer Law Group, PLLC
                                                  2801 West Busch Blvd. Ste. 200
                                                  Tampa, FL 32580
                                                  dfulleborn@hoyerlawgroup.com
                                                  813-375-3700

David L. Scher (VSB No. 47634)[1]
Hoyer Law Group, PLLC
1300 I St. NW, Ste. 400E
Washington, DC 20005
813-375-3700
dave@hoyerlawgroup.com

*Counsel for Michael Rosengart*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I caused a copy of the foregoing to be served via ECF on all parties who have registered and first-class mail on *pro se* Carl Heinz Pierre at the following address:

Carl Heinz Pierre
205 Yoakum Pwky
Unit 424
Alexandria, VA 22304


/s/ David C. Fulleborn

---

[1] Mr. Scher and Hoyer Law Group, PLLC sign this paper pursuant to Rule 11 as Mr. Rosengart's counsel. Mr. Scher and Hoyer Law Group, PLLC do not waive service or their right to object to jurisdiction or venue, or any other matter.

12